**WESLEY WHITSON,**

        **Plaintiff,**

**v.**                             **Case No: 6:18-cv-2009-Orl-28TBS**

**BANK OF AMERICA, N.A.,**

        **Defendant.**

_____

# ORDER

In response to Plaintiff Wesley Whitson's Complaint, which asserts claims for breach of contract and for violations of the Florida Consumer Collection Practices Act (FCCPA) and the Fair Credit Reporting Act (FCRA),[1] Defendant Bank of America, N.A. (BANA) filed an Answer that asserted ten affirmative defenses. Whitson then filed a Motion to Strike (Doc. 12), challenging the legal sufficiency of BANA's affirmative defenses. BANA partially opposes Whitson's motion to strike.[2] (See Doc. 15). After consideration of the law and the submissions of the parties, the Court will grant in part and deny in part Whitson's motion.

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); see also Heath v. Deans Food T.G. Lee, No. 6:14-cv-2023-Orl-28TBS,

_____

[1] Whitson voluntarily dismissed Count III of his Complaint—accusing Defendant Bank of America, N.A. of engaging in unfair and deceptive trade practices in violation of Florida law—before this case was removed from state court. (See Doc. 1-1 at 26).

[2] As noted in the text infra, BANA agrees to withdraw several of its affirmative defenses.

2015 WL 1524083, at *1 (M.D. Fla. Apr. 2, 2015) (citing Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp., 684 F.2d 776, 779–80 (11th Cir. 1982)). However, a court will generally "not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or [may] otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995). In evaluating a motion to strike, courts must "treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." Id. (citation omitted).

Although courts do not agree on "whether the pleading standard for complaints articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) applies to affirmative defenses," Luxottica Grp. S.P.A. v. Cash Am. East, Inc., 198 F. Supp. 3d 1327, 1328 (M.D. Fla. 2016), this Court sides with those cases holding that the "Iqbal/Twombly pleading standard does not apply to affirmative defenses," Heath, 2015 WL 1524083, at *1. Nonetheless, a party must still "state in short and plain terms its defenses to each claim asserted against it." Id. (quoting Fed. R. Civ. P. 8(b)(1)(A)). At bottom, affirmative defenses "must give the plaintiff fair notice of issues that may be raised at trial." Id. (internal quotation marks and citation omitted); see also Smith v. City of New Smyrna Beach, No. 6:11-cv-1110-Orl-31KRS, 2011 WL 6099547, at *1 (M.D. Fla. Dec. 7, 2011) (noting that affirmative defenses must contain "more than boilerplate" language).

With this background law in mind, the Court now addresses BANA's affirmative defenses. Preliminarily, BANA agrees to withdraw its second, third, and ninth affirmative defenses in their entirety. Additionally, BANA agrees to withdraw its seventh affirmative

defense insofar as it relates to the doctrine of unclean hands. The Court will thus strike these affirmative defenses. BANA maintains, however, that the remainder of its affirmative defenses should not be stricken. The Court disagrees, in part.

BANA's fourth, seventh, eighth, and eleventh affirmative defenses are deficient. BANA's fourth affirmative defense states that BANA is "entitled to a setoff for the principal, interest, attorneys' fees and costs due to [Whitson's] default on the credit card agreements." (Doc. 11 at 10). BANA fails to identify the claim to which this affirmative defense applies.[3] Moreover, Whitson only identified one credit card agreement in his Complaint, (see Doc. 1-1 at 12), but BANA refers to "credit card agreements." BANA's reference to "credit card agreements" lacks specificity and fails to give Whitson adequate notice of the issues that could be raised at trial. Therefore, the Court will strike BANA's fourth affirmative defense.

BANA's seventh affirmative defense states that Whitson's claim "is barred, in whole or in part, by the doctrines of knowledge, waiver, ratification, laches, estoppel, and/or unclean hands."[4] (Doc. 11 at 11). BANA's eighth affirmative defense states that Whitson's claim "is barred, in whole or in part, by the doctrine of unjust enrichment." (Id.). Plainly, these two affirmative defenses are insufficient. Whitson asserts three claims in his Complaint. BANA, however, fails to identify to which claim these defenses apply. Additionally, BANA does not even identify which of the listed defenses apply. BANA's seventh and eighth affirmative defenses thus fail to provide Whitson sufficient notice. See

---

[3] BANA notes in its response in opposition to Whitson's motion to strike that the set-off affirmative defense applies to Whitson's breach of contract claim. This does not, however, cure BANA's failure to include this information in its Answer.

[4] As discussed above, BANA has agreed to withdraw the unclean hands defense.

<u>Heath</u>, 2015 WL 1524083, at *2. Therefore, the Court will strike BANA's seventh and eighth affirmative defenses.

BANA's eleventh affirmative defense states that Whitson's "damages, if any, were caused by the action and/or inactions of third parties and/or intervening causes over which BANA had no control." (Doc. 11 at 11). This affirmative defense does not identify the third party or the alleged action that he or she took that could absolve BANA of liability. Further, BANA does not identify to which claim or claims this defense applies. BANA's eleventh affirmative defense thus fails to provide Whitson adequate notice, and the Court will therefore strike it.

BANA's sixth affirmative defense states that Whitson's "claims under the FCRA fail, because the information contained on [Whitson's] credit reports was accurate." (<u>See id.</u> at 10). However, this is not an affirmative defense. Rather, it is a denial of an allegation in Whitson's Complaint.[5] The proper remedy when a defendant mislabels a denial as an affirmative defense is to construe the mislabeled defense as a denial. <u>See</u> <u>Heath</u>, 2015 WL 1524083, at *2 ("[If] a defendant labels a negative averment as an affirmative defense instead of a specific denial, the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial." (internal quotation marks and citation omitted)). Accordingly, the Court will not strike this denial.

BANA's tenth affirmative defense states that Whitson's "claims are time-barred by the statute of limitations pursuant to the FCCPA and FCRA." (Doc. 11 at 11). While still quite broad, this statement does identify the applicable affirmative defense and the claims

---

[5] In his Complaint, Whitson alleges that BANA "knowingly misreported the amount of debt outstanding on [Whitson's] credit report." (Doc. 1-1 at 7). BANA disputes this, asserting instead that the information "was accurate." (Doc. 11 at 10).

to which it applies. That is sufficient. See <u>Adams v. JP Morgan Chase Bank, N.A.</u>, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *5 (M.D. Fla. July 21, 2011) ("[S]tating [that the] [p]laintiff's claims are barred by the statute of limitations is sufficient alone to put [the] [p]laintiff on notice."); <u>see also</u> <u>Muschong v. Millennium Physician Grp., LLC</u>, No. 2:13-cv-705-FtM-38CM, 2014 WL 3341142, at *2 (M.D. Fla. July 8, 2014). Therefore, the Court will not strike BANA's tenth affirmative defense.

Finally, BANA's first affirmative defense asserts the defense of bona fide error. Specifically, BANA states that "any violation was unintentional and the result of a bona fide error notwithstanding the maintenance of policies and procedures designed to avoid such error. [Whitson] is precluded from any recovery from BANA for a willful and knowing violation of the FCCPA and FCRA because any such violation (which BANA denies occurred) would not have been willful and knowing." (Doc. 11 at 10). In this affirmative defense, BANA notes the specific defense, identifies the claims to which it applies, and pleads that it can satisfy each element of the defense.[6] This is sufficient to survive a motion to strike. See <u>Harris v. Nationstar Mortg., LLC</u>, No. 8:13-CV-2610-T-17EAJ, 2014 WL 11332305, at *3 (M.D. Fla. Apr. 23, 2014) (Report and Recommendation later adopted by the district court) ("[The] [d]efendant has pleaded the three elements necessary to establish the bona fide error defense. At this early stage of the litigation and without the benefit of discovery, it is too early to know whether [the] [d]efendant can establish this defense by a preponderance of the evidence. As [Federal Rules of Civil Procedure] 8(b) and 8(c) do not

---

[6] See <u>Edwards v. Niagara Credit Sols., Inc.</u>, 584 F.3d 1350, 1353 (11th Cir. 2009) (noting that, to establish the affirmative defense of bona fide error, a defendant must show that an alleged violation: "(1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error").

require [the] [d]efendant to plead detailed factual allegations, [the] [d]efendant's [bona fide error] affirmative defense sufficiently puts [the] [p]laintiff on notice of the defense."). The Court will thus not strike BANA's first affirmative defense.

In light of the foregoing, it is **ORDERED** as follows:

1.      Whitson's Motion to Strike (Doc. 12) is **GRANTED IN PART** and **DENIED IN PART**.

2.      BANA's second, third, seventh (unclean hands), and ninth affirmative defenses—which it agreed to withdraw—are **STRICKEN** from the Answer.

3.      BANA's fourth, seventh (remaining allegations), eighth, and eleventh affirmative defenses are **STRICKEN** from the Answer. BANA may amend its Answer with regard to these affirmative defenses on or before **February 15, 2019**.

4.      Whitson's Motion to Strike is otherwise **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida, on February **5**, 2019.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties